IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   JENNIFER KIRCHNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-181-J |
| | ) | |
| (1)   GULFPORT ENERGY CORPORATION and | ) | |
| | ) | |
| (2)   GULFPORT MIDCON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW, Plaintiff, Jennifer Kirchner, for herself and all others similarly situated (hereinafter, Plaintiff and the putative Class Members are collectively referred to as the "Class"), and for their cause of action against Defendants, Gulfport Energy Corporation and Gulfport Midcon, LLC, including all affiliated predecessors and affiliated successors (hereinafter, "Defendants"), allege and state as follows:

**SUMMARY OF THE ACTION**

1. This class action concerns Defendants' willful and ongoing violations of Oklahoma law related to payment of oil and gas production proceeds ("O&G Proceeds") to persons with a legal interest in the mineral acreage under a drilling and spacing unit for a well which entitles such person(s) (*i.e.*, the "Owner") to payments of O&G Proceeds.

2. Plaintiff is an Owner in one or more oil and/or gas wells in Oklahoma in which Defendants have incurred an obligation to pay O&G Proceeds (the "Oklahoma Wells"). Specifically, Plaintiff is an Owner in the Maurer 1-21 well located in Section 21-5N-5W, in Grady County, Oklahoma. Defendants are the operator(s) of the Well and are obligated to pay O&G

Proceeds to Plaintiff within the time periods prescribed by statute and, failing the same, to additionally pay interest at the rate prescribed by statute.

3. The oil and gas industry historically has been rife with abuse by lessees and operators who routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners. Because of the lessee's or operator's control over the relationship, they are able to easily and successfully employ and benefit from such schemes, to the detriment of Owners.

4. Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Defendants, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are <u>not paid</u> prior to the end of the applicable time periods provided" by statute ("Late Payments"), 52 O.S. § 570.10 (D); *see generally*, 52 O.S. § 570, *et. seq*. (the "Production Revenue Standards Act" or the "PRSA"). Further, the PRSA states that "All proceeds from the sale of production shall be regarded as separate and distinct from all other funds of any person receiving or holding the same until such time as such proceeds are paid to the owners legally entitled thereto." *Id* at § 570.10(A).

5. The PRSA gives Owners a uniform, absolute right to interest on Late Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the PRSA. The plain language of the PRSA imposes an obligation to include interest on Late Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

6. Defendants are well aware of their obligations to pay the required interest on Late Payments. Nevertheless, in violation of Oklahoma law, Defendants consistently ignore their

obligation to pay interest on Late Payments of O&G Proceeds made to Plaintiff and other Owners. Indeed, upon information and belief, Defendants routinely delay payment of production proceeds and deny Owners the interest payments to which they are entitled as part of an overarching scheme to avoid their obligations under Oklahoma law.

7. Accordingly, Plaintiff files this class action lawsuit against Defendants to obtain relief on behalf of all similarly situated Owners who received or were entitled to receive any Late Payments for which Defendants did not include payment of interest as required by the PRSA.

8. Plaintiff files this class action lawsuit against Defendants for breach of their statutory obligation to pay O&G Proceeds and interest. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendants.

**PARTIES**

9. Plaintiff is a resident of the State of Pennsylvania.

10. Plaintiff is an Owner in Oklahoma Wells and is entitled to payment of O&G Proceeds therefrom.

11. Defendant Gulfport Energy Corporation is a corporation organized under Delaware law with its principal place of business in Oklahoma and may be served with process by serving its registered agent, CT Corporation System, 1833 S. Morgan Road, Oklahoma City, OK 73128.

12. Defendant Gulfport Midcon, LLC is a limited liability company organized under Delaware law with its principal place of business in Oklahoma and may be served with process by serving its registered agent, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159.

13. On February 17, 2017, Defendant Gulfport Midcon, LLC, formerly known as SCOOP Acquisition Company, LLC, acquired substantially all of the assets and liabilities of

Vitruvian II Woodford, LLC. In doing so, Defendant Gulfport Midcon, LLC assumed liability for the claims made in this lawsuit for the periods before and after the effective date of the acquisition.

14. Upon information and belief, Defendant Gulfport Midcon, LLC is a wholly-owned subsidiary of parent company, Gulfport Energy Corporation.

15. At all times relevant to the claims asserted herein, Defendants were the producing owner(s) or operator(s) of oil and/or gas wells in the State of Oklahoma. Defendants are obligated to pay O&G Proceeds to Plaintiff and the Owners in the putative class within the time periods prescribed by the PRSA and, failing that, to pay interest at the rates prescribed in the PRSA.

## JURISDICTION AND VENUE

16. This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § 1332(d), as (1) this is a class action that involves over 100 putative class members; (2) there is minimal diversity between Defendants and at least one putative class member; and (3) the amount in controversy exceeds $5,000,000 (exclusive of costs and interest).

17. This Court has jurisdiction over Defendants because Defendants' principal place of business is in Oklahoma; Defendants are registered to do business in Oklahoma; Defendants regularly transact business in Oklahoma, including the business activities that give rise to the claims at issue here.

18. Venue is proper in this district, as the Defendants do business in this district, the events giving rise to the claims occurred (at least in part) in this district, and the Defendants reside and/or have their principle place of business in this district.

19. Plaintiff's claims are governed by the laws of the State of Oklahoma.

20. Pursuant to LCvR3.7 and 12 OKLA. STAT. § 100, Plaintiff hereby notifies the Court that this case is related to Case Number CIV-19-1091-G, which was voluntarily dismissed

without prejudice on November 29, 2021. Prior to dismissal, Case No. CIV-19-1091-G was pending in the Western District of Oklahoma before Judge Goodwin.

## CLASS ACTION ALLEGATIONS

Plaintiff incorporates by reference the allegations in all other paragraphs of this Petition as if fully set forth in this section.

21. Plaintiff brings this action as the representative of a Class pursuant to Federal Rule of Civil Procedure 23. The Class is comprised of:

> All non-excluded persons or entities to whom: (1) Defendant (or Defendant's designee) made a Late Payment of oil and/or gas proceeds from an Oklahoma well, and (2) who have not been paid statutory interest on the Late Payment per the Production Revenue Standards Act. A "Late Payment" for purposes of this class definition means payment of proceeds from the sale of oil and/or gas production from an oil and/or gas well after the statutory periods identified in OKLA. STAT. tit. 52, § 570.10(B)(1) (i.e., commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the 2nd succeeding months after the end of the month within which such production is sold). Late Payments do not include: (a) payments of proceeds to an owner under OKLA. STAT. tit. 52, § 570.10(B)(3) (minimum pay); or (b) pass-through payments.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes as defined at 30 U.S.C. §1702(4), and Indian allottees as defined at 30 U.S.C. §1702(2)); (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty (50) Oklahoma wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; including, but not limited to, Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, William L. Galbreath, Verdeen L. Slatten, Jack A. Slatten, Verdeen L. Slatten Family Limited Partnership, Neva M. Dorman, Ann Ellis Boles, Fischer-Jones, LLC, B.N. Taliaferro, Jr. individually and as Trustee of the B. N. Taliaferro Management Trust, Jack B. Searle, Tamara D. Searle, OGI, Inc., and their relatives; and (6) officers of the court.

22. Upon information and belief, there are estimated to be more than 100 absent Class members entitled to statutory interest under the PRSA owing from Defendants' Late Payments,

and total damages owing to such class members are expected to exceed $5,000,000 (though the precise amounts are currently unknown to Plaintiff). Therefore, the Class is so numerous that joinder of all members is impracticable.

23. The questions of fact and law common to the Class, include:

    a. Whether Plaintiff and the Class own legal interests in the Oklahoma Wells upon which Defendants have an obligation to pay O&G Proceeds;

    b. Whether, under Oklahoma law, Defendants owed interest to Plaintiff and the Class on any Late Payments, either received or not yet received;

    c. Whether Defendants had a duty to promptly investigate whether Plaintiff and the Class were owed interest and, if so, to properly pay the interest owed to the Plaintiff and the Class;

    d. Whether Defendants' failure to pay interest to Plaintiff and the Class on any Late Payments, either received or not yet received, constitutes a violation of the PRSA;

    e. Whether Defendants knowingly withheld statutory interest; and

    f. Whether Defendants are obligated to pay interest on future Late Payments, either received or not received.

24. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

25. Defendants treated Plaintiff and the Class in the same way by failing to pay the required interest on Late Payments.

26. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

27. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought herein against Defendants relating to Defendants' failure to pay interest owing on the Late Payments of O&G Proceeds as required by law;

   c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendants, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendants.

**GENERAL ALLEGATIONS AND FACTUAL BACKGROUND**

Plaintiff incorporates by reference the allegations in all other paragraphs of this Petition as if fully set forth in this section.

29. Defendants and/or its affiliates own and/or operate (and/or Defendants own a working interest in) numerous oil and/or gas wells throughout Oklahoma. Defendants owe payments of O&G Proceeds to Plaintiff and Class members because of the mineral production from such wells.

30. Plaintiff and the Class are entitled to rely on the Defendants to act as a reasonably prudent operator and to diligently investigate their right to receive interest on Late Payments; and if its investigation concludes that interest is owed pursuant to the PRSA, to promptly pay the Plaintiff and the Class such interest.

31. Plaintiff and Class members are entitled to payment of O&G Proceeds from Defendants and, pursuant to the PRSA, are further entitled to statutory interest from Defendant(s) on any Late Payments.

32. Plaintiff and Class members placed their trust, confidence and reliance in Defendants to pay them the O&G Proceeds to which they were entitled, including any statutory interest owed thereon. Defendants had superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including statutory interest, on Late Payments. The Plaintiff and the Class were unaware that Defendants had and continued to breach their duty to pay statutory interest due under the PRSA.

33. When Defendants made Late Payments to Plaintiff and Class Members, or held O&G Proceeds in suspense for more than the interest-free period allowed by law, Defendants failed to pay the statutory interest owed pursuant to the PRSA. Indeed, on information and belief, Defendants' failure to pay the statutorily required interest on Late Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

34. Based upon information and belief, Plaintiff further alleges that Defendants do not make reasonable and consistent efforts to locate and pay O&G Proceeds to Owners. Instead, Defendants keep the O&G Proceeds in suspense accounts or their general operating account and make Late Payments of O&G Proceeds to various states as Unclaimed Property without also paying the statutory interest owed under the PRSA.

35. Defendants are not permitted to take advantage of their relationship with Plaintiff and Class members and realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendants have used their position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid its statutory obligation to pay the statutory interest due to Plaintiff and the Class in the

event of a Late Payment. As such, Defendants have improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

36. Upon information and belief, Defendants ignored their obligation under the PRSA to regard the O&G Proceeds it owed to Plaintiff and the Class as separate and distinct from Defendants' other cash assets. Rather, these O&G Proceeds were commingled with Defendants' other cash assets. As such, Defendants improperly, unfairly, and illegally profited from their deliberate refusal to pay statutory interest to Plaintiff and the Class.

37. In short, Defendants blatantly ignored Oklahoma law regarding the payment of interest on Late Payments. Further, Defendants did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.* Plaintiff and the Class) and, instead, held the O&G Proceeds for their own benefit. Defendants have abused its position with Plaintiff and the Class.

38. Plaintiff and the Class have been damaged by Defendants' unlawful acts and omissions.

39. Defendants' wrongdoing—which is in clear violation of Oklahoma law—is ongoing and continues to this day.

40. To the extent Defendants rely on any statute of limitation as a defense, Plaintiff and the putative Class plead that, under the facts at issue here, the doctrines of equitable estoppel or tolling, open account, the discovery rule and/or other defenses apply to toll the running of any statute of limitations.

## CAUSES OF ACTION

### I. BREACH OF STATUTORY DUTY TO PAY INTEREST

Plaintiff incorporates by reference the allegations in all other paragraphs of this Petition as if fully set forth in this section.

41. Plaintiff brings this cause of action on behalf of herself and the Class.

42. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendant(s) for wells operated by Defendants in Oklahoma, or in which Defendants otherwise held O&G Proceeds.

43. The PRSA requires Defendants to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto. 52 O.S. § 570.10

44. The PRSA requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the PRSA. 52 O.S. § 570.10

45. The PRSA requires that, if the holder of any O&G Proceeds fails for any reason to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds. 52 O.S. § 570.10

46. Defendants held O&G Proceeds belonging to Plaintiff and the Class, and Defendants failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

47. In violation of the PRSA, when Defendants ultimately made Late Payments to Plaintiff and the Class, or held O&G Proceeds in suspense, or paid O&G Proceeds to various states as Unclaimed Property, Defendants did not pay the interest owing on the Late Payments.

48. Defendants' failure to pay statutory interest owing on its Late Payments of O&G Proceeds was knowing and intentional and/or the result of Defendants' gross negligence.

49. Defendants' failure to pay statutory interest owing on its Late Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

50. Defendants' failure to pay statutory interest to the Plaintiff and the Class is a result of Defendants' actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendants know, or are aware, are legally entitled

thereto. Thus, Defendants should be required to pay punitive damages as a method of punishing Defendants and setting an example for others.

## V. ACCOUNTING AND DISGORGEMENT

Plaintiff incorporates by reference the allegations in all other paragraphs of this Petition as if fully set forth in this section.

51. Plaintiff requests an accounting on behalf of herself and the Class.

52. Plaintiff requests the Court enter an order directing Defendants to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendants, and (b) the method for calculating such amounts.

53. Defendants' payment of statutory interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the violations committed by Defendants because it will not deprive Defendants of the ill-gotten gains it has obtained through its unlawful behavior.

54. The principles of equity and good conscience do not permit Defendants to retain the benefits derived from their improper and unlawful use of interest owed on Late Payments made to Plaintiff and the Class.

55. Therefore, Plaintiff requests the Court enter an order directing Defendants to disgorge itself of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' statutory interest payments, including interest that has accrued on such interest since the time in which Defendants made any Late Payments to Plaintiff and the Class.

## VI. INJUNCTIVE RELIEF

Plaintiff incorporates by reference the allegations in all other paragraphs of this Petition as if fully set forth in this section.

56. Plaintiff seeks injunctive relief on behalf of herself and the Class.

57. Unless enjoined by this Court, Defendants will continue their pattern and practice of not paying statutory interest owed on Late Payments to Plaintiff and the Class members.

58. Defendants have utilized their superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to statutory interest on Late Payments to willfully and intentionally engage in an unlawful scheme by failing to pay such interest. As such, Defendants' wrongdoing is ongoing, and future injuries to Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid statutory interest on Late Payments.

59. There is no adequate and complete remedy at law for continuing violations of the PRSA by Defendants.

60. Plaintiff requests the Court enter a permanent injunction, ordering Defendants to pay statutory interest as required by law when Defendants makes future Late Payments to Plaintiff and the Class.

61. Defendants will not suffer any harm from granting the Class members' request for injunctive relief because Defendants' compliance with the Court's order will be consistent with Defendants' legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendants to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of

Defendants' breaches and/or unlawful conduct including, without limitation, the compounded statutory interest on Late Payments as required by law;

3. An order requiring Defendants to provide Plaintiff and the Class with an accounting;

4. An order requiring Defendants to disgorge themselves of the ill-gotten gains it has obtained through the unlawful use of interest owed to Plaintiff and the Class;

5. An order requiring Defendants to pay statutory interest in the future, as required by law, to Plaintiff and the Class;

6. An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law on each of Defendants' wrongful acts, as alleged in this Petition;

7. An order awarding pre- and post-judgment interest;

8. An order requiring Defendants to pay the Class attorneys' fees and litigation costs as provided by statute; and

9. Such costs and other relief as this Court deems appropriate.

ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED

DATED: February 23, 2023.                    Respectfully submitted,

                                                              */s/ Drew Pate*
                                                              Bradley E. Beckworth, OBA No. 19982
                                                              Jeffrey J. Angelovich, OBA No. 19981
                                                              Lisa Baldwin, OBA No. 32947
                                                              Drew Pate, OBA No. 34600
                                                              Trey Duck, OBA No. 33347
                                                              Nathan B. Hall, OBA No. 32790
                                                              **NIX PATTERSON, LLP**
                                                              8701 Bee Cave Road
                                                              Building 1, Suite 500
                                                              Austin, TX 78746

Telephone: (512) 328-5333
Facsimile: (512) 328-5335
bbeckworth@nixlaw.com
jangelovich@nixlaw.com
lbaldwin@nixlaw.com
dpate@nixlaw.com
tduck@nixlaw.com
nhall@nixlaw.com

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
**RYAN WHALEY COLDIRON**
**JANTZEN PETERS & WEBBER PLLC**
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**